UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
May 27, 2011

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARROW TRUCKING COMPANY | ) | CASE NO. 10-10041-R |
| EIN # xx-xxx4029 | ) | Chapter 7 |
| | ) | |
| MEGAN CORPORATION | ) | |
| EIN # xx-xxx6762 | ) | |
| | ) | |
| ARROW TRUCK LEASING COMPANY | ) | |
| EIN #xx-xxx0451 | ) | |
| | ) | |
| ARROW TRUCK REAL ESTATE | ) | |
| COMPANY | ) | |
| EIN #xx-xxx0454 | ) | SUBSTANTIVELY |
| | ) | CONSOLIDATED |
| Debtors. | ) | |

| | | |
|---|---|---|
| | ) | |
| PATRICK J. MALLOY III, | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 11-1007-R |
| | ) | |
| CAROL PIELSTICKER BUMP and | ) | |
| JAMES DOUGLAS PIELSTICKER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DETERMINING BANKRUPTCY COURT JURISDICTION
PURSUANT TO DISTRICT COURT LOCAL CIVIL RULE 84.1(b)(4)
AND 28 U.S.C. § 157(b)(3) IN CONNECTION WITH DEFENDANT'S
MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING**

Before the Court is the Motion to Withdraw Reference of Adversary Proceeding and

Brief in Support (Adv. Doc. 9) (the "Motion") filed on February 23, 2011, by Defendant

Carol Pielsticker Bump ("Ms. Bump");[1] Plaintiff's Opposition to Defendant Bump's Motion to Withdraw the Reference and Brief in Support (Adv. Doc. 21) (the "Response") filed on March 16, 2011, by Plaintiff Patrick J. Malloy III, Trustee (the "Trustee"); Reply Brief to Plaintiff's Opposition to Motion for Withdrawal of Reference of Adversary Proceeding (Adv. Doc. 24) filed on March 31, 2011, by Ms. Bump; Plaintiff's Supplement to Plaintiff's Opposition to Defendant's Motion to Withdraw the Reference (Adv. Doc. 37) filed on May 16, 2011, by the Trustee; and Defendant Carol Pielsticker Bump's Response to Plaintiff's Supplement to Opposition to Motion for Withdrawal of Reference of Adversary Proceeding (Adv. Doc. 38) filed on May 26, 2011, by Ms. Bump.

This adversary proceeding was commenced on January 21, 2011, by virtue of a Complaint filed by the Trustee (Adv. Doc. 1). In the Complaint, the Trustee alleges that at all relevant times, Ms. Bump was the sole director of Debtor Arrow Trucking Company ("Arrow"), and that during the four years preceding Arrow's bankruptcy filing, Arrow transferred to Ms. Bump approximately $4 million as salary notwithstanding that she did not perform any services for Arrow. In addition, the Trustee contends that during the same period, Arrow transferred approximately $8.4 million to James Douglas Pielsticker for no or inadequate consideration while Arrow was insolvent.

---

[1] On February 14, 2011, Defendant James Douglas Pielsticker filed for relief under Chapter 7 of the Bankruptcy Code, staying the continuation of this proceeding against him pursuant to 11 U.S.C. § 362. On April 14, 2011, the Trustee dismissed his claims against Mr. Pielsticker without prejudice, eliminating this Court's concern about whether the automatic stay precluded this Court or the District Court from entering orders that would determine the venue of a proceeding to which Mr. Pielsticker was a party. See Notice of Voluntary Dismissal Without Prejudice (Adv. Doc. 27).

The Trustee seeks (1) to avoid the transfers to Ms. Bump under 11 U.S.C. § 544 and the Oklahoma Uniform Fraudulent Transfer Act; (2) to avoid the transfers to Ms. Bump under 11 U.S.C. § 548; (3) to recover the value of the allegedly fraudulent transfers from Ms. Bump under 11 U.S.C. § 550; (4) to recover damages from Ms. Bump for allegedly breaching fiduciary duties owed to Arrow by "causing or permitting the unwarranted dissipation of corporate assets and self-dealing"[2] as represented by the above-described transfers to Ms. Bump and Mr. Pielsticker (which cause of action became property of the estate under 11 U.S.C. § 541); and (5) the imposition of a constructive trust on funds and property in the hands of Ms. Bump that are traceable to the allegedly fraudulent transfers or transfers in breach of her fiduciary duties.

In the Motion, Ms. Bump requests the District Court to withdraw its automatic reference (effected by Local Civil Rule 84.1(a)(1)) of this adversary proceeding to this court on grounds that at least one of the claims is not a core proceeding and that Ms. Bump is entitled to a jury trial on some of the claims. Because this court does not have jurisdiction to make a final determination of a non-core claim, and cannot conduct a jury trial without the consent of all parties (and Ms. Bump does not consent), Ms. Bump contends that this adversary proceeding should be transferred to and proceed in District Court.

The District Court's Local Civil Rule 84.1(b)(4) provides that within a reasonable period after a motion for withdrawal of the reference of an adversary proceeding and responses thereto have been filed, the bankruptcy court "shall enter an order pursuant to 28 U.S.C. § 157(b)(3), determining whether the proceeding is a core proceeding or a proceeding

---

[2]Complaint at 5, ¶ 12.

3

that is otherwise related to a case under Title 11 and forward the order to the district court together with a copy of the record of the proceeding for which withdrawal is sought."[3]

Upon consideration of the pleadings and applicable law, the Court determines as follows:

"Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings."[4]  Non-core "related" proceedings "are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court."[5]  "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[6]

The Trustee's First Claim for Relief Under 11 U.S.C. §§ 544 and 550 and the Oklahoma Uniform Fraudulent Transfer Act[7] and the Trustee's Second Claim for Relief Under 11 U.S.C. § 548[8] are both core proceedings because they would not exist but for the

---

[3] LCvR84.1(b)(4).

[4] Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990) (citations omitted).

[5] Id. (citation omitted).

[6] Id., *quoting* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

[7] Complaint at 3.

[8] Complaint at 4.

bankruptcy laws which create them.[9]  In addition, Congress has provided that core proceedings over which bankruptcy courts have jurisdiction to enter final orders include "proceedings to determine, avoid, or recover fraudulent conveyances."[10]

On the other hand, the Trustee's Third Claim for Relief for Breach of Fiduciary Duty[11] is a claim that accrued to Arrow pre-petition.  When Arrow filed for bankruptcy relief, that pre-petition claim became property of the bankruptcy estate pursuant to 11 U.S.C. § 541, and the Trustee became entitled to enforce the claim as Arrow's successor in interest.[12]  Because Arrow could have pursued the claim in the absence of a bankruptcy filing, the claim does not constitute a core proceeding.[13]  It is nevertheless related to the Arrow bankruptcy case because if the Trustee is successful, the estate available for distribution to creditors will be

---

[9]Although a creditor may bring an action under the Oklahoma Uniform Fraudulent Transfer Act in absence of a bankruptcy, a trustee's standing to assert a creditor's cause of action on behalf of the bankruptcy estate arises under 11 U.S.C. § 544, and only exists within the context of a bankruptcy case.

[10]28 U.S.C. § 157(b)(2)(H).

[11]Complaint at 5.

[12]See, e.g., Sender v. Simon, 85 F.3d 1299, 1305 (10th Cir. 1996) ("When asserting claims under the authority of 11 U.S.C. § 541, . . . the trustee stands in the shoes of the debtor and 'can take no greater rights than the debtor himself had.'") (citation omitted).

[13]The Trustee argues that because his breach of fiduciary duty claim arises out of the same set of underlying facts as his fraudulent transfer claims, rendering the claims "inextricably tied" to the bankruptcy estate, it should be deemed a core proceeding.  See Response at 4, citing non-binding cases that are distinguishable and/or not persuasive. While the breach of fiduciary duty claim is undoubtedly "related to" the bankruptcy case, and thus this Court has non-core "related to" jurisdiction to hear the claim and tender a recommendation, a debtor's pre-petition cause of action that becomes property of the estate via Section 541 of the Bankruptcy Code is by definition a cause of action that does not depend upon the Bankruptcy Code for its existence, and therefore is not a core proceeding under the authority of Gardner.

enhanced. Thus, the breach of fiduciary duty claim is a non-core proceeding that is otherwise related to the Arrow bankruptcy case.

The Trustee's Fourth Claim for Relief for a Constructive Trust[14] seeks to impress a constructive trust upon "specific assets presently in [Ms. Bump's] possession" that are traceable to "monies transferred" to Ms. Bump's accounts by Arrow.[15] Under Oklahoma law, a constructive trust may be imposed against one who "by fraud, actual or constructive, by devices or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy."[16] To the extent the Trustee requests the imposition of a constructive trust as a remedy for the alleged fraudulent transfers, the claim is a core proceeding, and to the extent it is sought as a remedy for the alleged breach of fiduciary duty, it is a non-core, but related to, proceeding.[17]

The Clerk of the Bankruptcy Court shall transmit to the Clerk of the United States District Court for the Northern District of Oklahoma a copy of this order, together with a

---

[14]Complaint at 5.

[15]Complaint at 6, ¶ 15.

[16]Easterling v. Ferris, 651 P.2d 677, 680 (Okla. 1982), *quoting* Cacy v. Cacy, 619 P.2d 200 (Okla. 1980).

[17]See Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582 (2d Cir. 1983) (whether constructive trust remedy is core or non-core depends upon the nature of the substantive right for which the remedy is sought.); Yavuz v. 61 MM, Ltd., 576 F.3d 1166, 1176 (10th Cir. 2009) ("A constructive trust is a remedial device used by courts to enforce substantive rights, it is not itself a substantive right.") (quotation marks and citation omitted).

docket sheet and copies of the all pleadings referred to in this order, and file a certificate of such transmission in this proceeding.

**SO ORDERED** this 27th day of May, 2011.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE